# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| CURTIS RAY BALLOU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUGH SMITH, Warden and ) <br> SGT. MARTY PHILLIPS, ) <br> ) <br> Defendants. ) | Case No. CV606-094 |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 27, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at Georgia State Prison, alleges that for almost three years he and the other mental health inmates have been denied their constitutional right to one hour per day "yard-call." Doc. 1. Plaintiff alleges that any time an officer is needed elsewhere in the prison "they pull one from mental health escorts," leaving an insufficient number of guards

2

to monitor the mental health inmates, thus resulting in the cancellation of their yard call. Id. Plaintiff claims that most days the mental health inmates are on lock-down twenty-four hours a day and that the only reason that are denied their outdoor exercise is because prison officials assume they will not "say or do anything about it." Id. Plaintiff also provides a log that he maintained reflecting the dates that he was denied his one-hour yard time.

While plaintiff does not mention Warden Hugh Smith in the body of his complaint, read liberally, the complaint alleges an established policy or practice at the prison to insufficiently staff the mental health unit, thereby denying the mental health prisoners in lock-down status any opportunity for exercise. Such allegations of constant twenty-four hour lock-down for extended periods with no opportunity for exercise state a violation of the Eighth Amendment's proscription against cruel and unusual punishment and furnish grounds for relief under 42. U.S.C. §1983. McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979) ("[C]onfinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise, may make out an eighth amendment violation."); Spain

v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (denial of regular exercise to inmates confined in cell twenty-four hours per day constitutes cruel and unusual punishment); Miller v. Carson, 563 F.2d 741, 751 n.12 (5th Cir. 1977) (deprivation of exercise may constitute an impairment of health forbidden by the Eighth Amendment); see Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (plaintiffs with state-created liberty interest in yard time must be given due process in conjunction with the deprivation of that interest); Jones v. Diamond, 594 F.2d 997, 1013 (5th Cir. 1979) (although prisoners do not have a constitutional right to outdoor exercise, jail officials must not be deliberately indifferent to the physical needs of inmates); Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) ("in certain circumstances restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment"). Further, a prison warden can be liable for a constitutional violation resulting from his staffing or policy decisions. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (supervisory liability can be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice to take

4

corrective action).

As for the remaining defendant, plaintiff has failed to state a colorable claim under §1983 against Sergeant Marty Phillips. Plaintiff has failed to make any specific claim against Sgt. Phillips and does not even mention Phillips in the body of his complaint. Thus, plaintiff has not made any attempt to demonstrate direct involvement of defendant Sgt. Phillips or any link between the defendant's actions and any alleged constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982); see also Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that "the inclusion of . . . names and notations of office in the caption does not amount to an allegation . . . ."). Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Sgt. Marty Phillips, and this defendant should be DISMISSED.

Based on the foregoing, plaintiff is entitled to proceed against Warden Hugh Smith.[1] Plaintiff's complaint against defendant Sgt. Marty Phillips

---

[1] The Clerk is DIRECTED to deliver a copy of the complaint and this ORDER to the United States Marshal for service upon the defendant Warden Hugh Smith.

should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this //^7^ day of December, 2006.

							_____
							UNITED STATES MAGISTRATE JUDGE
							SOUTHERN DISTRICT OF GEORGIA