# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CURTIS RAY BALLOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-94 |
| ) | |
| HUGH SMITH, Warden ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff has filed a motion for appointment of counsel in his 42 U.S.C. § 1983 action. Doc. 23. As a general rule, there is no entitlement to appointed counsel in a civil rights action brought pursuant to 42 U.S.C. § 1983. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1979); see also Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979.). "The preeminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical

liberty if he loses the litigation." Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty, and therefore the stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 do not apply in civil proceedings. See United States v. Rogers, 534 F.2d 1134 (5th Cir.), cert. denied, 429 U.S. 490 (1976). Thus, the appointment of counsel is required only where necessary to insure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. Lassiter, 452 U.S. at 26.

Court-appointed counsel in civil cases is therefore warranted only in "exceptional cases." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); Fowler, 899 F.2d at 1096. In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence

and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193.

Plaintiff filed a prior motion for appointment of counsel, which this Court denied. Docs. 10, 13. Here, plaintiff claims that he is "highly medicated" and is "not stable enough to file the proper paperwork" with the Court. Doc. 23. Plaintiff, however, has demonstrated the ability to draft a rudimentary complaint and to present a clear and concise motion seeking relief from the Court. The fact that a pro se litigant lacks the skills and knowledge of a trained attorney does not require that he be afforded counsel, for if this were the standard virtually every pro se litigant would be entitled to appointment of counsel. In the absence of any showing of exceptional circumstances, the Court is not inclined at this juncture to appoint counsel to assist the plaintiff. Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). Accordingly, plaintiff's motion for the appointment of counsel is DENIED.

Plaintiff has also filed a motion for deposition and a motion for discovery. Docs. 21, 22. As the Court has already instructed plaintiff in a prior order, discovery is self-executing under the Federal Rules of Civil Procedure and does not require leave of court. Plaintiff should direct his discovery requests to <u>opposing counsel</u> and does not need to file such requests with the Court. As plaintiff does not need Court authorization or approval to commence discovery, his motions are therefore DENIED.

**SO ORDERED this 29TH day of March, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA