FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

OCT 15 PM 4: 54

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CURTIS RAY BALLOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-094 |
| ) | |
| HUGH SMITH, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Hugh Smith[1] has filed a motion for summary judgment and a brief in support of the motion. Docs. 41, 42. Plaintiff has filed a response, brief, and statement in opposition to the motion. Docs. 46, 47, & 48. For the reasons that follow, the Court recommends that the summary judgment motion be construed as a Rule 12(b) motion and that the instant complaint be **DISMISSED** as to this defendant.

---

[1] Plaintiff also named Marty Phillips, Lieutenant Bruton, and Pamela Atkins as defendants. Docs. 20, 25. This Report and Recommendation addresses only the motion for summary judgment as to plaintiff's claims against defendant Hugh Smith.

# I. BACKGROUND

Plaintiff, an inmate at Georgia State Prison, alleges that for almost three years he and the other mental health inmates have been denied their constitutional right to one hour per day of "yard call." Doc. 1 at 5. He alleges that any time an officer is needed elsewhere in the prison "they pull one from mental health escorts," leaving an insufficient number of guards to monitor the inmates. Id. This results in the cancellation of yard exercise. Id. Most days the mental health inmates are allegedly on lock-down twenty-four hours a day. Id.

Plaintiff provides a log reflecting the dates that he was denied his one-hour of yard exercise. Id. He alleges that yard-call has been cancelled for twenty-eight out of approximately sixty days of yard-call in a seventy-eight day period.[2] Id. Defendant agrees that sixteen of those twenty-eight

---

[2] Plaintiff's complaint alleges that yard-call was cancelled a total of 28 times between the dates of July 18 and October 4, 2006. Doc. 1 at 5. Plaintiff claims yard-call was cancelled on July 18, July 20, July 21, July 25, July 27, July 31, August 1, August 2, August 3, August 7, August 21, August 22, August 24, August 25, August 29, August 30, August 31, September 1, September 6, September 12, September 14, September 19, September 26, September 27, September 28, September 29, October 2, and October 4, 2006. Id.

days were cancelled due to staff shortages.³ Doc. 41, Statement of Material Facts at 2. Defendant asserts, however, that plaintiff actually did receive yard-call on seven of the days listed in his log.⁴ Id. He also states that yard-call was denied for bad weather, security, or medical reasons on five of the days listed.⁵ Id.

## II. ANALYSIS

In addition to disputing the merits of plaintiff's claim, defendant contends that plaintiff failed to exhaust his administrative remedies prior to filing his complaint, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Prior to bringing a § 1983 action, a prisoner

---

³ Defendant claims that yard-call was cancelled for staff shortages on July 21, July 27, August 2, August 3, August 21, August 22, August 30, September 1, September 6, September 12, September 19, September 26, September 28, September 29, October 2, and October 4, 2006. Doc. 41, Statement of Material Facts at 2.

⁴ Defendant states that plaintiff received yard-call on July 18, July 25, July 31, August 1, August 7, August 24, and August 29. Doc. 41, Statement of Material Facts at 2.

⁵ According to defendant, yard-call was cancelled for bad weather on August 25, and August 31. Doc. 41, Statement of Material Facts at 3. It was cancelled for a contraband "shake down" on July 20. Id. It was cancelled for mental health evaluations on September 14, and for a power outage on September 27. Id.

is required to exhaust all administrative remedies and appeals. Id.

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement. See Porter v. Nussle, 534 U.S. 516, 523-24 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 Fed. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Simpson v. Holder, 2006 WL 2430001

(11th Cir. Aug. 23, 2006) (recognizing that the PLRA exhaustion requirement contains a procedural default provision). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1159).

The administrative grievance procedure in effect at the time of the alleged incidents, June through October of 2006, required that an inmate file an informal grievance with his counselor within ten calendar days of the incident in question. SOP IIB05-0001 § VI; doc. 45 Ex. G. An inmate should receive a response to the informal grievance within ten days calendar days. Id. If the resolution is not satisfactory to the inmate, the system then allows the plaintiff to file a formal grievance.[6] Id. The formal grievance must be completed within five business days of the receipt of the resolution

---

[6] Plaintiff first filed a formal grievance on July 3, 2006. Doc. 1 at 3. His complaint, however, included a log that he kept regarding missed yard-call dates, beginning in mid-July. Id. The alleged deprivations of yard-call, therefore, occurred *after* the filing of the grievance, in apparent conflict with the requirement that grievances be filed within ten days of the incident in question. The Court will assume *arguendo* that the incidents were sufficiently continuous in nature to permit plaintiff to file a single grievance covering past and future denials of yard-call.

of his informal grievance. Id. The warden has thirty calendar days to respond to a formal grievance. Id. Once again, if the inmate finds the resolution unsatisfactory, he may appeal his formal grievance. Id. He has five days from his receipt of the response to the formal grievance to file an appeal. Id. The Commissioners Office has ninety calendar days to address an appealed grievance. Id. Once plaintiff has exhausted the grievance process, he may file suit in the United States district court.

The evidence presented by defendant shows that plaintiff has failed to exhaust his administrative remedies before bringing this claim. Defendant provided an affidavit of Anessa Kirkley, the Grievance Coordinator at Georgia State Prison, stating that plaintiff never appealed the denial of his grievance. Doc. 45 Ex. F. Plaintiff has failed to provide any affirmative evidence to the contrary.[7] See docs. 1, 46, 47, & 48. The Court "may look beyond the pleadings and decide disputed issues of fact" when considering whether a prisoner has exhausted his administrative remedies under the

---

[7] Plaintiff has not offered any evidence to substantiate his allegation in the complaint that he formally appealed his grievance. Doc. 1. According to prison regulations, an inmate appealing a grievance should be provided with a receipt. SOP IIB05-0001 § VI. Plaintiff has neither tendered this receipt to the Court nor explained its absence.

PLRA. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (treating a motion to dismiss a prisoner's suit on the non-jurisdictional ground that he failed to exhaust his administrative remedies under § 1997e(a) as raising a matter in abatement subject to "an unenumerated" Rule 12(b) motion to dismiss); Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006), aff'd, 2007 WL 1558718 (11th Cir. May 31, 2007). Plaintiff's failure to properly appeal his grievance is fatal to this claim.

## III. CONCLUSION

Based on all of the foregoing reasons, plaintiff's action against defendant Hugh Smith should be **DISMISSED** as unexhausted.

**SO REPORTED AND RECOMMENDED** this 15TH day of October 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA